IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE PHILIPS N.V. and <br> U.S. PHILIPS CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> YIFANG USA, INC. D/B/A E-FUN INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 15-1131-GMS <br> ) <br> ) <br> ) <br> ) <br> ) |

**YIFANG'S JOINDER IN THE HTC DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

OF COUNSEL:

Lucian C. Chen
Wing K. Chiu
**LUCIAN C. CHEN, ESQ. PLLC**
One Grand Central Place
40 East 42nd Street, Suite 4600
New York, NY 10165
212.710.3007 (Main)
212.501.2004 (Fax)
lucianchen@lcclegal.com
wingchiu@lcclegal.com

Dated: June 16, 2016

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
arussell@shawkeller.com

*Attorneys for Defendants
YiFang USA, Inc.*

Defendant YiFang USA, Inc. ("YiFang") hereby respectfully joins the arguments made by Defendants HTC Corporation and HTC America, Inc. (collectively, "HTC") in their reply brief in support of their motion to dismiss the First Amended Complaint ("FAC") filed by Plaintiffs Koninklijke Philips N.V. and U.S. Philips Corp. (collectively, "Philips") in HTC's proceeding before this Court (C.A. No. 15-1126-GMS). In support of its joinder, YiFang fully incorporates by reference the arguments set forth in HTC's reply brief filed on June 16, 2016 (C.A. No. 15-1126-GMS, D.I. 28) (the "HTC Reply Brief").

YiFang respectfully submits that such joinder is appropriate because it will save the Court from having to review the same arguments advanced by different parties and because the FAC in HTC's action (C.A. No. 15-1126-GMS, D.I. 17) is essentially the same as the FAC in YiFang's action (D.I. 20) with respect to those allegations of direct and contributory infringement challenged by HTC except, naturally, for the names of the products and functionalities accused.[1]

Therefore, for the reasons discussed in HTC's Reply Brief, Philips' FAC against YiFang should be dismissed because:

- The FAC failed to allege any facts supporting its contentions that YiFang's products contributorily infringe. Philips' argument that it is YiFang's burden to disprove its allegations is unsupported by the law (*see* HTC Reply Br. at 1-3);

---

[1] Philips takes YiFang to task on its attempt to streamline the Court's review of its motion by joining HTC's arguments. (D.I. 29 (Philips' Opposition), at 1 n. 2). Philips highlights its efforts to "tailor its brief to YiFang" (*id.*) even though this effort meant simply filing the exact same opposition against YiFang as it did against HTC, with the only differences being the names of the products, the functionalities accused and the complaint paragraph numbers. Although the products and functionalities accused are different, the flaws in Philips' allegations concerning HTC's products are the same as the flaws in Philips' allegations against YiFang's products. For example, both HTC and YiFang contend that Philips has only named broad families of accused products without identifying specific ones. Thus, the fact that the accused products are different does not affect the argument made by HTC, and subsequently joined by YiFang.

- The FAC fails to adequately allege direct infringement. Philips' argument in opposition relies on case law interpreting the sufficiency of Form 18 pleadings that has been abrogated (*see* HTC Reply Br. at 3-5).

- Recent court decisions have applied the *Twombly* and *Iqbal* requirements to patent direct infringement claims, requiring them to identify the specific accused devices (*see* HTC Reply Br. at 6-8) and the specific claims asserted (*see* HTC Reply Br. at 8-9), and not simply (as Philips has done) to identify an exemplary product or category of products that supposedly contain infringing "functionality" or "components."

- Philips' position about its pleadings requirements will lead to protracted discovery and therefore is inconsistent with its statements to the Court in the parties' recent Joint Status Report that quick discovery and fast trial dates are appropriate (*see* HTC Reply Br. at 9-10).

## Conclusion

For the foregoing reasons, and those discussed in the Opening Brief in Support of HTC's Motion to Dismiss (C.A. No. 15-1126-GMS, D.I. 20), YiFang respectfully request that the Court grant this motion to dismiss the FAC.

|  |  |
|---|---|
|  | */s/ Nathan R. Hoeschen* |
| OF COUNSEL: | John W. Shaw (No. 3362) |
|  | Karen E. Keller (No. 4489) |
| Lucian C. Chen | Andrew E. Russell (No. 5382) |
| Wing K. Chiu | Nathan R. Hoeschen |
| **LUCIAN C. CHEN, ESQ. PLLC** | SHAW KELLER LLP |
| One Grand Central Place | 300 Delaware Avenue, Suite 1120 |
| 40 East 42nd Street, Suite 4600 | Wilmington, DE 19801 |
| New York, NY 10165 | (302) 298-0700 |
| 212.710.3007 (Main) | jshaw@shawkeller.com |
| 212.501.2004 (Fax) | kkeller@shawkeller.com |
| lucianchen@lcclegal.com | arussell@shawkeller.com |
| wingchiu@lcclegal.com | nhoeschen@shawkeller.com |
| Dated: June 16, 2016 | *Attorneys for Defendants YiFang USA, Inc.* |